# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MASCHHOFF WEST, L.L.C.,**

**Plaintiff,**

**v.**                                                                 **No. 08-CV-00020-DRH**

**BERRY NURSERY, TODD BERRY AND
DONNA BERRY,**

**Defendants.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This sua sponte Order is triggered by the Court's initial review of Defendants' Notice of Removal (Doc. 2).[1]  Upon a threshold review, the Court observes what may be a jurisdictional problem.  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**.  In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues

---

[1] This Court always undertakes a review of newly-filed complaints. ***See Wisconsin Knife Works v. National Metal Crafter*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**

1

regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, **996 F.2d 928, 930-31 (7th Cir. 1993)**; *Kanzelberger v. Kanzelberger*, **782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997).**

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. *Casio, Inc. v. S.M. & R. Co.*, **755 F.2d 528, 529 (7th Cir.1985)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, **450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, **398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing** *Belleville Catering Co. v. Champaign Market Place, LLC*, **350 F.3d**

**691, 692 (7th Cir. 2003))**.  As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." *Belleville Catering Co.*, **350 F.3d at 692 (citing** *Carden v. Arkoma Associates*, **494 U.S. 185, 110 S. Ct. 1015 (1990))**.  Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." *Id.* **(citing** *Cosgrove v. Bartolotta*, **150 F.3d 729 (7th Cir.1998))**.

In Defendants' notice of removal (Doc. 2), Defendants do not sufficiently allege the citizenship of each member of Plaintiff Maschoff West, L.L.C.  The Defendants' failure to properly plead the citizenship of each individual member of the LLC places into question whether the citizenship between the parties is completely diverse.  Until this has been properly pled, the Court must approach this case as if jurisdiction does not exist.  Accordingly, the Court **REMANDS** this matter to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 10th day of January, 2008.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**